IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Chief Judge

Civil Case No.  05-cv-01131-LTB-BNB

INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL NO. 113,

    Plaintiff,

v.

LB&B ASSOCIATES, INC.,

    Defendant.

_____

ORDER
_____

    The International Brotherhood of Electrical Workers, Local No. 113. ("Union") filed this lawsuit seeking a declaratory judgment enforcing an arbitration award and unjust enrichment damages for the alleged failure of the defendant, LB&B Associates, Inc. ("LB&B"), to comply with the award. LB&B moves for dismissal pursuant to Fed. R. Civ. P. 12(b)(6). The motion is adequately briefed and oral arguments would not materially aid its resolution. For the reasons stated below, I GRANT the motion.

    In its Complaint, the Union alleges that, on July 3, 2001, LB&B discharged one of its members, Theodore Harris, from LB&B's employment for allegedly sleeping while on duty. The Union submitted a grievance on Mr. Harris' behalf and an arbitrator ruled, on January 15, 2002, that LB&B had wrongfully discharged Mr. Harris. The arbitrator ordered LB&B to tender to Mr. Harris back pay. LB&B paid as ordered, but allegedly deducted $8,450, the amount of unemployment benefits Mr. Harris had received from the Colorado Department of Labor and

Employment ("CDLE") during the period between July 3, 2001 and January 15, 2002. The CDLE then sought reimbursement from Mr. Harris of the amounts it had paid to him. As a result of LB&B's deduction, Mr. Harris was unable to make the requisite reimbursement to the CDLE and now is ineligible for unemployment benefits.

Under Fed. R. Civ. P. 12(b)(6), a district court may dismiss a complaint for failure to state a claim upon which relief can be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). If the plaintiff has pled facts that would support a legally cognizable claim for relief, a motion to dismiss should be denied. *See id*. In evaluating a 12(b)(6) motion to dismiss, "all well-pleaded factual allegations in the... complaint are accepted as true and viewed in the light most favorable to the nonmoving party." *Sutton v. Utah State Sch. for Deaf and Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).

## I. Declaratory judgment

LB&B argues that the statute of limitations bars the Union's claim for declaratory judgment. It recognizes that Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, contains no limitation period. It asserts that other courts have taken three approaches to this deficit. In the absence of a limitation in applicable state law, the Eleventh Circuit applied the limitation period found in Section 10(b) of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 160(b), which is six months. *Samples v. Ryder Truck Lines, Inc.*, 755 F.2d 881, 888 (11th Cir. 1985). The Northern District of West Virginia has employed the limitation period – one year – found in the Federal Arbitration Act at 9 U.S.C. § 9. *District 1199, Health Care and Social Services Union, SEIU, AFL-CIO v. Coordinated Council for*

*Independent Living*, 919 F. Supp. 946, 953 (N.D.W. Va. 1996).  The Third Circuit has used the limitation period for breaches of contract found in the applicable state law.  *Office & Professional Employees Intern. Union, Local No. 471 v. Brownsville General Hosp.*, 186 F.3d 326, 336 (3d Cir. 1999).  In Colorado, the limitation period for breach of contract actions is three years.  Colo. Rev. Stat. § 13-80-101(1)(a).  LB&B concludes that, because the arbitrator handed down the award on January 15, 2002 and the Union filed this lawsuit on June 17, 2005, the first claim must be dismissed no matter which limitation I employ.

The Union distinguishes *Samples* – that case was a so-called hybrid action brought by an employee against both the employer and the union – and argues that the appropriate statute of limitations is found in Colo. Rev. Stat. § 13-80-103.5(1)(a), which provides that all actions "to recover a liquidated debt or an unliquidated, determinable amount of money due to the person bringing the action" shall be commenced within six years after the cause of action accrues.  It does not suggest when this claim accrued.

Contrary to LB&B's contention, nothing appears in the Complaint from which I might infer that the Union's cause of action, viewed as one for breach of contract, accrued on January 15, 2002.  Therefore, it matters whether I employ Colorado's limitation period for breach of contract or some shorter period.

All of the cases LB&B has cited follow the Supreme Court's decisions in *International Union, United Auto., Aerospace and Agr. Implement Workers of America (UAW), AFL-CIO v. Hoosier Cardinal Corp.*, 383 U.S. 696, 86 S. Ct. 1107, 16 L. Ed. 2d 192 (1966) and *DelCostello v. International Broth. of Teamsters*, 462 U.S. 151, 103 S. Ct. 2281, 76 L. Ed. 2d 476 (1983).  In *Hoosier Cardinal*, the Court considered a claim by a union against an employer for vacation pay

allegedly due to employees under an Indiana collective bargaining agreement. After noting that LMRA Section 301 contains no time limitations, the Court ruled that the suit was governed by the appropriate state statute of limitations. *Hoosier Cardinal*, 383 U.S. at 705-706. The Court held that the appropriate limitation was Indiana's six-year period for suit on oral contracts; the employees each were hired pursuant to an oral contract with the employer and Indiana's twenty-year period for suit on written contracts was thus inapplicable. *Id*. at 706. It explained,

> The present suit is essentially an action for damages caused by an alleged breach on an employer's obligation embodied in a collective bargaining agreement. Such an action closely resembles an action for breach of contract cognizable at common law. Whether other § 301 suits different from the present one might call for the application of other rules on timeliness, we are not required to decide, and we indicate no view whatsoever on that question.

*Id*. at 705 n.7.

In *DelCostello*, the Court considered the question that it left unanswered in *Hoosier Cardinal*. Presiding over an employee's so-called hybrid claim against the employer for wrongful termination and against the union for breach of its duty of fair representation, the Court in *DelCostello* noted that no close analogy existed in state law. The Court applied the six-month limitation period found in NLRA Section 10(b). *DelCostello*, 462 U.S. at 169. The Court noted,

> We stress that our holding today should not be taken as a departure from prior practice in borrowing limitations periods for federal causes of action, in labor law or elsewhere. We do not mean to suggest that federal courts should eschew use of state limitations periods anytime state law fails to provide a perfect analogy. On the contrary, as the courts have often discovered, there is not always an obvious state-law choice for application to a given federal cause of action; yet resort to state law remains the norm for borrowing of limitations periods. Nevertheless, when a rule from elsewhere in federal law clearly provides a closer analogy than available state statutes, and when the federal policies at stake and the practicalities of litigation make that rule a significantly more appropriate vehicle for interstitial lawmaking, we have not hesitated to turn away from state law.

*Id*. at 171-172 (citation omitted).

4

The Union argues that this case is akin to *Hoosier Cardinal* and not *DelCostello*. As in *Hoosier Cardinal*, the foundational allegation here is that the defendant breached a duty to a Union member. Unlike *DelCostello*, this is not a hybrid claim and analogous state claims here exist. In fact, this claim differs from both *DelCostello* and *Hoosier Cardinal*. As LB&B points out, this is not a breach of contract action; LB&B is alleged to have failed to abide by the terms of an arbitration award, which resolved the Union's claim for breach of the collective bargaining agreement.

The parties have not cited the various Tenth Circuit decisions discussing this question, of which they suffer no shortage. In *International Union of Operating Engineers, AFL-CIO, Local No. 670 v. Kerr-McGee Refining Corp.*, 618 F.2d 657, 659 (10th Cir. 1980), decided before *DelCostello*, the court noted the holding of Hoosier Cardinal and employed the most closely analogous state limitation. In *Garcia v. Eidal Intern. Corp.*, 808 F.2d 717 (10th Cir. 1986), *cert. denied*, 484 U.S. 827, 108 S. Ct. 94, 98 L. Ed. 2d 55 (1987), decided after *DelCostello*, the court considered an action by employees against their employer and the union for the employer's repudiation of a collective bargaining agreement and the union's alleged complicity. After noting the superficial similarity between the case before it and the hybrid claim in *DelCostello*, the court observed that, by repudiating the agreement, the employer had also repudiated the grievance and arbitration process through which the employees might otherwise have pursued their claims. *Id.* at 721. While declining to identify the limitations period governing each of the plaintiffs' claims, the court instructed the trial court on remand to ascertain the most closely analogous state statute of limitations. *Id.* at 723.

The Tenth Circuit has expressed a similar preference for state limitations when interpreting

a limitless provision of the Employee Retirement Income Security Act. *Trustees of Wyoming Laborers Health and Welfare Plan v. Morgen & Oswood Const. Co., Inc. of Wyoming*, 850 F.2d 613, 620 (10th Cir. 1988). *But see*, *Repstine v. Burlington Northern, Inc.*, 149 F.3d 1068, 1070-1071 (10th Cir. 1998) (holding that six-month limitation period found in NLRA Section 10(b) applies to claims brought under the Railway Labor Act, which contains no limitations period).

Months after its *Garcia* decision, the Tenth Circuit ruled in *International Broth. of Elec. Workers, Local Union No. 969 v. Babcock & Wilcox*, 826 F.2d 962 (10th Cir. 1987) that an action to vacate an arbitration award made pursuant to LMRA Section 301 was governed by Colorado's Arbitration Act, which required application for vacation of an award within ninety days after receipt of a copy of the award. *Id*. at 964-965. The court cited *Hoosier Cardinal* without comment, demonstrating its continued commitment to employing applicable state limitations wherever available.

The provisions for vacation, modification, and correction of arbitration awards in Colorado, now found at Colo. Rev. Stat. §§ 13-22-223 and 13-22-224, continue to include ninety-day limitation periods. *Sportsman's Quikstop I, Ltd. v. Didonato*, 32 P.3d 633, 634 (Colo. App. 2001). However, as LB&B concedes, Colo. Rev. Stat. §§ 13-22-222, which provides for judicial *confirmation* of an award, contains no limitation period. Indeed, upon application by a party for confirmation, "the court shall issue a confirming order unless the award is modified or corrected pursuant to section... 13-22-224 or is vacated pursuant to section 13-22-223." Colo. Rev. Stat. §§ 13-22-222(1). Implicit in this provision is that actions to confirm an arbitration award will commence after the ninety-day period for vacation, modification, and correction has expired or after the award is altered in some way; unless one of the parties within ninety days

takes some action to alter an award, the award continues unamended in perpetuity and may later be enforced.

Obviously, a perpetual right to enforce an arbitration award against an allegedly recalcitrant party would thwart Congress' goal of enabling "relatively rapid disposition of labor disputes." *Hoosier Cardinal*, 383 U.S. at 707. Therefore, an appropriate state limitation must be found elsewhere. Assistance comes from Colo. Rev. Stat. § 13-80-102(1)(g), which sets forth a two-year limitation on "[a]ll actions upon liability created by a federal statute where no period of limitation is provided in said federal statute." *See*, *Jones v. Consolidated Freightways Corp. of Delaware*, 776 F.2d 1458, 1461 (10th Cir. 1985).

What remains is on what date this claim accrued. Where, as here, a party to a collective bargaining agreement brings suit under 29 U.S.C. § 185 not for breach of the agreement but to enforce an arbitration award made pursuant to the agreement, the claim accrues on the date on which the party may first sue on the award. *Chauffeurs, Teamsters, Warehousemen and Helpers, Local Union No. 135 v. Jefferson Trucking Co., Inc.*, 628 F.2d 1023, 1027 (7th Cir. 1980), *cert. denied*, 449 U.S. 1125, 101 S. Ct. 942, 67 L. Ed. 2d 111 (1981). As noted above, parties have under Colorado law ninety days from receipt of an award to apply for vacation, modification, or correction, after which any party may sue for enforcement. Colo. Rev. Stat. §§ 13-22-222, 13-22-223(2) and 13-22-224(1). The Union's Section 301 claim accrued on or about April 12, 2002 and is now time barred.

## II.  Unjust enrichment

As LB&B points out, it did not receive a benefit at the Union's expense. Rather, any unjust enrichment injured Mr. Harris, who is not a party to this case. *DCB Const. Co., Inc. v.*

*Central City Development Co.*, 965 P.2d 115, 120 (Colo. 1998); *Salzman v. Bachrach*, 996 P.2d 1263, 1266 (Colo. 2000). The second claim must be dismissed.

Accordingly, it is ORDERED that

1) LB&B's motion to dismiss is GRANTED; and

2) judgment shall enter in favor of LB&B on all claims with costs.

Dated: December  19th , 2005, in Denver, Colorado.

BY THE COURT:

   s/Lewis T. Babcock
Lewis T. Babcock, Chief Judge